**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot,<br><br>        Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank,<br><br>        Defendant. | No. CV-23-02348-PHX-DWL<br><br>**ORDER** |

For the following reasons, the complaint and all other filings by non-attorney Oliver Complot, who is attempting to bring claims pro se on behalf of his assertedly incapacitated wife in a next friend capacity, must be struck.

**BACKGROUND**

On October 4, 2023, pro se purported plaintiff Oliver Complot initiated this "equity claim" in Maricopa County Superior Court. (Doc. 1-3 at 4-19.) On what appears to be a standard state court form, in a space labeled "Name of Next Friend," Complot entered "Oliver Complot: Next friend for the woman aggrieved, Corina Tolamaa." (*Id.* at 5.) The complaint—which is a nonlinear hodgepodge of factual allegations, legal conclusions, and contextless statements of law and case citations—does not contain any allegations regarding the relationship between Complot and Ms. Tolamaa. The complaint alleges that in May 2023, Complot "made Corina Tolamaa aware of . . . fraudulent omissions concerning the alleged contract and accounts held by" Defendant JPMorgan Chase Bank ("Chase"). (*Id.* at 5.) The complaint alleges that Chase "communicated inaccurate

information," presumably about Ms. Tolamaa, and "is liable for invasion of privacy because it had no basis in fact to report anything in the first place and has been fraudulently attempting collection contrary to good faith and equity." (*Id.* at 9.) As a result of Chase's alleged acts, the complaint alleges that Ms. Tolamaa "has been denied credit, her character and reputation have been slandered, her privacy unlawfully invaded, her property . . . used without compensation in Chase's commercial activities, her time and resources consumed, [and] her mental and emotional well-being severely damaged." (*Id.* at 9-10.) The complaint asserts that Complot "believe[s] the wrongdoers are not holders of the alleged debts they attempt to collect from the person Corina P Tolamaa." (*Id.* at 12.) The complaint is drafted in the first-person point of view and at times the first-person speaker is clearly Complot, but at other times it seems the first-person pronouns might refer to Ms. Tolamaa, although this is not entirely clear—*e.g.*, "I believe Chase unjustly enriched itself with my negotiable instrument property." (*Id.*) In the portion of the form labeled "Applicable Law Supporting Claims," Complot entered "ARS, Common Law, Equity, God." (*Id.* at 17.) The relief sought is "[c]orrecting all records in all systems of the alleged account to 'Paid in full' and correctly reporting the same to all third-party reporting agencies," "[reopening] both accounts with a credit limit of $25,000 each," "[c]ourt fees," and "[a]n order for Chase to properly credit all future negotiable instruments to prevent a multiplicity of suits." (*Id.* at 18.) The complaint is signed by "Oliver Complot, All Rights Reserved." (*Id.* at 19.) Attached to the complaint are, *inter alia*, bank notices, some of which include the name and address of Ms. Tolamaa (*id.* at 40, 43, 48), correspondence from Ms. Tolamaa to Chase (*id.* at 47), and Ms. Tolamaa's credit report (*id.* at 50).

On October 24, 2023, Complot filed a document entitled "Equity Claim Amended" that is incomprehensible and appears to have been intended as a supplement. (Doc. 1-5.)

On November 8, 2023, Chase removed this action, asserting that "federal question jurisdiction exists here" because the complaint asserts claims under federal law, the Truth in Lending Act ("TILA") and the Fair Credit Billing Act ("FCBA"). (Doc. 1 at 1.)

On November 14, 2023, Chase filed a motion to dismiss for lack of subject-matter

1 jurisdiction. (Doc. 5.) Chase asserts that there are no allegations to "support a finding of 'next friend-standing' that would enable Complot to prosecute claims on behalf of Ms. Tolamaa" and that, at any rate, "[e]ven if Complot could demonstrate 'next friend standing,' he cannot proceed *pro se* in such capacity." (Doc. 5 at 1.)

On November 16, 2023, this case was reassigned to the undersigned judge. (Doc. 9.)

Also on November 16, 2023, Complot filed a response to Chase's motion to dismiss. (Doc. 10.) Complot asserts that Ms. Tolamaa is his wife, she "suffers mental ailments which hinder her ability to access and prosecute the claims," and "[e]ven if this claim was not brought under the next friend status[,] it could be brought by Corina Tolamaa and Oliver Complot" because the acts alleged "damaged the both of [them] together." (*Id.* at 1.) The response includes an "Affidavit of Corina Tolamaa" which does not appear to be signed by Ms. Tolamaa—instead, the following is printed by hand at the end: "Corina Tolamaa, By: Corina Tolamaa – Agent, All Rights Reserved Without Prejudice." (*Id.* at 5-6.)

Also on November 16, 2023, Complot filed a "motion for leave supplement claim" (Doc. 11), lodged a proposed supplement (Doc. 12), filed a "motion for leave to lodge motion for judgment on supplement claim filing" (Doc. 13), and lodged a one-paragraph "motion for judgment on the pleadings" (Doc. 14).

On November 17, 2023, Complot filed another "motion for leave supplement claim" (Doc. 16) and lodged a proposed supplement (Doc. 17).

Chase did not file a reply in support of its motion to dismiss.

### DISCUSSION

Pursuant to Rule 17, "an incompetent person who does not have a duly appointed representative may sue by a next friend." Fed. R. Civ. P. 17(c)(2). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly

dedicated to the best interests of, the petitioner." *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). In that circumstance, "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).[1]

Nevertheless, "[a] 'next friend' does not himself become a party to the . . . action in which he participates, but simply pursues the cause on behalf of the [person unable to litigate his or her own cause], who remains the real party in interest." *Whitmore*, 495 U.S. at 163. The "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

Furthermore, an incapacitated person proceeding via a next friend "would have to be represented by counsel." *Hinojosa v. Warden, SATF/SP*, 2023 WL 2874169, *2 (E.D. Cal. 2023). "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). A non-attorney "has no authority to appear as an attorney for others than himself" or herself. *Id.* The Ninth Circuit has explained the rationale for this rule as follows:

> The reciprocal relation between the bar and the bench permits an exception only for a person acting personally. A federal court rightly expects a lawyer to represent a litigant. By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function. Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response.

*Id.* at 698.

---

[1] "Ordinarily, when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary. . . . [A] district court has broad discretion to fashion an appropriate safeguard that will protect an incompetent person's interests." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017). "Although the district court has discretion to craft an appropriate remedy to protect the incompetent person, the court may not use the Rule as a vehicle for dismissing claims or for allowing the interests of an incompetent litigant to go completely unprotected." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

"This rule applies even when a non-lawyer seeks to represent a family member who is a minor or incompetent." *Rosales v. Idaho Dep't of Health & Welfare*, 2022 WL 17749262, *1 (9th Cir. 2022). *See also Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.") (citation omitted). Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed *pro se*, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice. *Johns*, 114 F.3d at 877.

Because Ms. Tolamaa cannot be represented by her husband, who is a non-attorney, the complaint filed by Complot must be struck, along with all of Complot's other filings in this action. The Court will not consider any of Chase's other arguments regarding dismissal at this time because a complaint filed by a person who had no authority to file it should not be considered in any regard, and Ms. Tolamaa is entitled to "trained legal assistance" before any further determination can be made on any point of legal significance. *Id.* at 877. Because the complaint shall be struck pursuant to this order, nothing remains to be "dismissed," and therefore Chase's motion to dismiss is denied as moot.

Ms. Tolamaa may file an amended complaint by January 5, 2024. Because it is appears that Ms. Tolamaa lacks the capacity to proceed *pro se*, the amended complaint must be filed by competent counsel. If Ms. Tolamaa fails to retain competent counsel and file an amended complaint by this deadline, Ms. Tolamaa's claims will be dismissed without prejudice without further notice.[2]

---

[2] Under the circumstances here, where the (now struck) complaint contains no allegations regarding Ms. Tolamaa's incapacity and the only indication that she might be incapacitated is Complot's assertion in his (now struck) response to Chase's motion to dismiss that she "suffers mental ailments which hinder her ability to access and prosecute the claims" (Doc. 10 at 1), and considering Complot's status as a serial litigant who has brought some wild claims (*see, e.g.*, *Complot v. Absolute Resolution Investments LLC et al*, 2:23-cv-01945-DWL, Doc. 10, *sua sponte* dismissing action without leave to amend because Complot's "displeasure regarding his experience as a defendant in a state civil proceeding does not provide grounds for him to sue, in federal court, his opponent, opposing counsel, the presiding judge, and the State of Arizona"), the Court will not order

1  Accordingly,

2  **IT IS ORDERED** that the complaint (Doc. 1), Complot's three pending motions (Docs. 11, 13, 16), and all other filings by Complot are **struck**.

4  **IT IS FURTHER ORDERED** that Chase's motion to dismiss (Doc. 5) is **denied as moot**.

6  **IT IS FURTHER ORDERED** that Ms. Tolamaa (via a next friend, if she is incompetent and this can be demonstrated) may file an amended complaint via competent counsel by **January 5, 2024**.

9  **IT IS FURTHER ORDERED** that if Ms. Tolamaa fails to file an amended complaint in her own name via competent counsel by **January 5, 2024**, the Clerk of Court shall terminate this action.

12  Dated this 28th day of November, 2023.

_____
Dominic W. Lanza
United States District Judge

---

further inquiry into Ms. Tolamaa's competency at this time. If Ms. Tolamaa retains counsel (with the assistance of a next friend) and files a complaint that alleges her incompetence, a hearing may be necessary at that time.